Day, J.
The plaintiff in error, John W. Beard, was arrested on a ■charge of violating the provisions of “An act to prevent ■abandonment and pauperism,” passed April 16, 1890, 87 •O. L. 216. He was taken before the mayor of the city of Findlay, O., arraigned, tried, found guilty and sentenced by the said mayor to the Toledo work house for six months at hard labor and directed to pay the costs of the prosecu-. *66 tion‘. Beard protested against the action of the mayor, excepted to his rulings, findings and judgment, procured the allowance of a bill of exceptions containing all the evidence had on the trial and the rulings of the mayor on the various-motions submitted, and prosecuted error in the common 'pleas court. That court affirmed the judgment of the may- or’s court, and plaintiff prosecutes error here to obtain a reversal of the judgment of both the lower courts.
' Numerous errors are assigned. The action of the mayor is criticised in many regards, raising complicated and nice questions of practice, which, if deemed material, would require careful consideration for their proper elucidation, and which we do not decide; for, in the view we take, they do-not appear to be at all material or necessary to be noticed in the proper disposition of the case.
The prosecution was before the mayor of the city of Findlay. The law does not make provision for a clerk to the mayor or the mayor’s court, in cities of that class and grade; and so, in law and in fact, the court of the mayor of the city of Findlay has no clerk. There is no such officer— no clerk of the mayor's court. A very important part of the-statute creating and defining the offense for which the plaintiff in error was prosecuted and sentenced in the mayor’s court, is the following provision pointing out what the course of procedure may be by a defendant, after conviction and before sentence, viz: “Provided, however, if after such conviction, and before sentence, he shall appear before-the clerk of the court in which said conviction shall have-taken place, and with good and sufficient surety, to be approved by said clerk, enter into bond to the state of Ohio in the penal sum ,o£ one thousand dollars, conditioned that he-will furnish such child or children with necessary and proper home, care, food and clothing, the said court may suspend! sentence therein.’’
A very casual reading of this provision of the statute- *67 makes the legislative purpose quite plain. While- defining a distinctly new offense and prescribing a punishment, it ■ was also manifestly the'intent to specify, with particularity, and limit the courts in which prosecutions therefor might be ■ instituted and maintained. By broad and fair inference, if not by express provision, this statute, by the provision just quoted, confers the right to try a person accused of the offense created, and upon conviction to sentence him, only, upon a court or tribunal having, under aud by virtue of the provisions of law, a clerk, before whom the-convict can appear and give bond with security if he so desires and can, and .thus avail himself of the valuable rights and privileges accorded him by the law, in permitting a suspension of sentence.
G. H. Phelps and Franklin Franks, for plaintiff in error.
Albert Zugschwert, for defendant in error.
As we have seen the mayor’s court is without a clerk .and, as we think, without jurisdiction to try and sentence a person accussed of violating the provisions of the act in question, and it follows that its judgment and sentence is invalid and ought to be annulled. The judgment of the common pleas affirming the judgment of the mayor is reversed, with costs, and this court, rendering the judgment the common pleas should have rendered, reverses the judgment and sentence of the mayor’s court,.and discharges the defendant from custody.